IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Rudell Williams, | ) C/A No. 8:12-3212-JMC-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Saluda County Sheriff's Office; Gerry Grenier; Gene Morelli; Jesse Quattlebaum; Charles Padget; Robert Shorter; and Archie Hill, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, a pretrial detainee in the Saluda County Detention Center in Saluda, South Carolina, proceeding *pro se* and *in forma pauperis*, brings this action alleging "false imprisonment, slandering, pain and suffering, loss wages, [and] mental stress" in connection with Plaintiff's arrest and detention on charges of possession of a firearm by a convicted felon. *See* ECF No. 11, p. 2-3. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Because Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, the Amended Complaint should be summarily dismissed without prejudice and without issuance and service of process.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted

1

pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

On November 9, 2012, Plaintiff filed his original Complaint in this case, ECF No. 1, against the Saluda County Sheriff's Office ("SCSO")and five SCSO deputies, alleging "loss wages; pain and suffering, and false imprisonment; slandering," in connection with

Plaintiff's April 13, 2012 arrest. *See* ECF No. 1, p. 2. On December 10, 2012, Plaintiff filed an Amended Complaint in this case, ECF No. 11. In his Amended Complaint, Plaintiff elaborated on the allegations made in his original Complaint and added another Defendant, SCSO Deputy Archie Hill. Plaintiff also submitted a second Application to Proceed Without Prepayment of Fees and Affidavit, ECF No. 2-1, and proposed summonses for all of the named Defendants, ECF No. 12. In Plaintiff's Amended Complaint, Plaintiff alleges:

> On April 13, 2012 a arrest was made against me, plaintiff 'Gerald Rudell Williams,' Officer Lt. Charles B. Padget who falsified his arrest warrants stating on his affidavit that; on the night of April 13, 2012 I 'Gerald Rudell Williams,' did commit the following offense, of possession of firearm by convicted felon. He stated in his affidavit that I 'Gerald Rudell Williams,' did on April 13, 2012 have in my possession an AA Arms Tec '9' m.m. serial no. 053915, and fired several time into the dwelling with the attempt to kill. When in fact he knew beforehand two days prior, I never had possession of that gun on the night of my arrest. Lt. Charles B. Padget unlawfully falsified his statements against me about possession of a firearm; when having forehand knowledge, due to the incident report on page 'four' of the discovery of evidence that I didn't have possession.

ECF No. 11, p. 3. Plaintiff further alleges "Also it was learned that there was no follow-up investigation done to prevent; or correction made; which would have freed me form jail. I'm still lock-up due to these false and fabricated lies and statements. They have also charge 'Orienthal Jermaine Charley' with the same gun. Claiming the same things, the same exact statement on his affidavit word for word; he have own up to the gun; but I'm still lock-up for it." ECF No. 11, p. 4.[1] Plaintiff seeks "financial relief for; loss wages, pain

---

[1] The undersigned takes judicial notice of the records in Plaintiff's pending state court criminal proceeding. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court

and suffering and slandering, mental stress; false imprisonment; for all damages I'm seeking, 'Three Million dollars,' in compensation fees." ECF No. 11, p. 5.

## DISCUSSION

Plaintiff's Amended Complaint does not allege violation of a specific federal statute and does not cite to 42 U.S.C. § 1983, but because Plaintiff alleges "false imprisonment," his Amended Complaint should be liberally construed as an attempt to allege claims for relief under 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights[2], as well as for state law torts. The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n.3 *(1979). To assert a claim under § 1983, Plaintiff must allege

---

records.'"). According to the Saluda County Eleventh Judicial Circuit Public Index, Plaintiff has pending charges of: three (3) counts of murder/attempted murder (M770163, M770164, M770165; indictment nos. 2012-GS-41-263, 264, 265); possession of a firearm or ammunition by a convicted felon (M770166; indictment no. 2012-GS-41-266); and, malicious injury to tree, house, trespass upon real property, injury value >$1000 but <$5000 (M770167; indictment no. 2012-GS-41-267). All of these arrest warrants show a filing date of April 14, 2012. *See* http://publicindex.sccourts.org/saluda/publicindex/PISearch.aspx (last visited Dec. 13, 2012). The Saluda County Eleventh Judicial Circuit Public Index indicates that Orienthal Jermaine Charley is charged with three (3) counts of murder/attempted murder; possession of a weapon by a convicted felon; possession of a weapon during a violent crime; and malicious injury to tree, house, trespass upon real property, injury value >$1000 but <$5000. Mr. Charley's arrest warrants' filing dates are also listed as April 14, 2012. *Id.*

[2] The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996) (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)). Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973).

"deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. 42 U.S.C. § 1983; *see West v. Atkins*, 487 U.S. 42, 48 (1988).

**FALSE ARREST**

In a § 1983 action based on unreasonable seizure, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest); *see also Dorn v. Town of Prosperity*, No. 08-2005, 2010 WL 997175 (4th Cir. March 18, 2010). Here, Plaintiff's Amended Complaint plainly alleges that "Officer Lt. Charles B. Padget . . . falsified his arrest warrants" when Plaintiff was arrested and detained on/about April 13, 2012. Thus, the Amended Complaint fails to state a claim under § 1983 for violation of constitutional rights based on the allegations of false arrest. *See McCormick v. Wright*, No. 2:10-cv-00033-RBH, 2010 WL 565303 (D.S.C. Feb 17, 2010) (citing *Jovanovic v. City of New York*, No. 04 CV 8437(PAC), 2008 WL 355515 (S.D.N.Y Feb. 7, 2008) (*Heck v. Humphrey*, 512 U.S. 477 (1994) remains viable in the pretrial detainee malicious prosecution claim context).

**MALICIOUS PROSECUTION**

Liberally construed, the Complaint alleges a Fourth Amendment violation in the nature of malicious prosecution.[3] Plaintiff alleges that "Lt. Charles B. Padget unlawfully

---

[3] The United States Supreme Court has "never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983." *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007), *citing Albright v. Oliver*, 510 U.S. 266, 270-71, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994).

falsified his statements against me about possession of a firearm," in Plaintiff's arrest warrants, and that Plaintiff is "still lock-up due to these false and fabricated lies and statements," *i.e.* Plaintiff is now being wrongly detained and prosecuted. *See* ECF No. 11, p. 3, 4.  Plaintiff's Amended Complaint alleges that the arrest warrant was not supported by probable cause.  "[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for a period after legal process issued, are analogous to the common-law tort of malicious prosecution." *Porterfield v. Lott*, 156 F.3d at 568; *Brooks v. City of Winston-Salem*, 85 F.3d at 181-82.

To state a viable claim for a seizure with a warrant that violated Plaintiff's Fourth Amendment rights, Plaintiff must demonstrate that he was arrested pursuant to a warrant not supported by probable cause and that the criminal proceedings against him terminated in his favor.  *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005).  A § 1983 claim for malicious prosecution incorporates the common law element of favorable termination to state a cause of action.  *See id.; Lambert v. Williams*, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000);  *see also Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist).  The charges on which Plaintiff was arrested are currently pending against Plaintiff.  Obviously, Plaintiff's criminal proceeding has not been terminated in his favor.  Consequently, Plaintiff's Complaint fails to state a plausible malicious prosecution-type Fourth Amendment claim and should be summarily dismissed.  *See Wallace v. Kato*, 549 U.S. at 392-92.

**STATE LAW CLAIMS**

Plaintiff's Amended Complaint is also construed to allege claims of slander and intentional infliction of emotional distress against Defendants. These are state-law-based causes of action that may only be heard in federal court where there is diversity of citizenship among the parties or where there is supplemental jurisdiction based on other viable federal claims.[4]  *See Ysais v. Richardson*, 603 F. 3d 1175, 1179 (10th Cir. 2010); *Good v. City of Sunbury*, 352 F. Appx. 688, 689-90 (3d Cir. 2009); *see also Quint v. Village of Deerfield*, No. 07-C 5413, 2010 WL 675565, * 1 (7th Cir. Feb. 26, 2010).  Because the federal question Fourth Amendment claim should be dismissed in this case, the Court should decline to exercise supplemental jurisdiction over the state law claims that Plaintiff asserts against Defendants.  Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, *Commentary on 1990 Revision*, *appended to 28 U.S.C.A. § 1367* (West 1993).  Title 28 U.S.C. § 1367(c)(3) recognizes that, once that crutch is removed, the remaining state claims should not be adjudicated.  *See Lovern v. Edwards*, 190 F. 3d 648, 655 (4th Cir. 1999)("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

**RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Amended Complaint *without prejudice* and without issuance and service of process.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(failure to state a claim upon which relief may be granted); 28 U.S.C. §

---

[4] Clearly, there is no basis for diversity jurisdiction in the instant case. All parties are alleged to be citizens and residents of Saluda County, South Carolina. See ECF No. 11, p. 1.

1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the following page.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

December 14, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).