IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gerald Rudell Williams, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 8:12-cv-03212-JMC |
| ) | |
| Saluda County Sheriff's Office, ) | |
| Gerry Grenier, Gene Morelli, ) | **ORDER AND OPINION** |
| Jesse Quattlebaum, Charles Padget, ) | |
| Robert Shorter and Archie Hill, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 20], filed on December 14, 2012, analyzing Plaintiff Gerald Rudell Williams' ("Plaintiff") Complaint, which alleges violations of 42 U.S.C. §1983 and certain state torts. Plaintiff, proceeding *pro se* and *in forma pauperis*, was a prisoner at the Saluda County Jail. He challenges the appropriateness of his arrest and alleges malicious prosecution as well as slander and intentional infliction of emotional distress. The Magistrate Judge recommends that this court dismiss the complaint without prejudice and without issuance and service of process. The Report sets forth in detail the procedural history, the relevant facts and the legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination

1

of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation. 28 U.S.C. § 636(b)(1); *Adams v. South Carolina*, 244 F. App'x 534, 535 (4th Cir. 2007) (unpublished); *Wright v. Collins,* 766 F.2d 841, 845-46 (4th Cir.1985).

Plaintiff timely filed objections ("Objections"). [Dkt. No. 23]. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Plaintiff's timely filed Objections are generally non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and merely restate his claims. The Magistrate Judge found three reasons to dismiss Plaintiff's claims without prejudice. First, the Magistrate Judge found that Plaintiff could not make a claim for false arrest because he admits in his complaint that the arresting official had a warrant for his

arrest. Second, the Magistrate Judge noted that Plaintiff cannot sustain a claim for malicious prosecution because his criminal case is ongoing. Finally, the Magistrate Judge recommends that the court decline to exercise its supplemental jurisdiction over Plaintiff's state law claims because his federal claims are properly dismissed. Plaintiff's Objections fail to address any of these conclusions.

Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Report [Dkt. No. 20] and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint [Dkt. No. 1] is **DISMISSED** without prejudice. Plaintiff's Motion to Appoint Counsel [Dkt. No. 22] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 3, 2013
Greenville, South Carolina

3